## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEROY JENKINS,               )
                                    )
        Plaintiff,           )
                                    )
vs.                           )         Case No. 19-cv-850-NJR
                                    )
                                    )
JACQUELINE LASHBROOK and   )
FRANK LAWRENCE,          )
                                    )
        Defendants.       )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Leroy Jenkins, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was incarcerated at Menard Correctional Center ("Menard"). In the Complaint, Plaintiff alleges Defendants kept him in a cell that was too small to house two inmates, lacked heat and hot water, and had a leaky toilet. He asserts claims against the defendants under the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Plaintiff makes the following allegations: While at Menard, Plaintiff was housed in a cell in North 2. The cell had constant running water, which was cold not hot, and a leaking toilet. (Doc. 1, p. 8). When Plaintiff would flush the toilet, it would leak and squirt water on him. (*Id*. at pp. 8, 11). From October 30, 2018 until March 22, 2019, there was no heat in the cell and Plaintiff was forced to put on three shirts, two pairs of pants, a wool cap, and three pairs of socks to keep warm. (*Id*. at p. 8). He informed Jacqueline Lashbrook about the conditions of his cell, and she told him that the building was old. (*Id*.). Propane tanks were later brought in for three to four days and placed outside of the cells to heat the area. (*Id*.). The tanks put out dangerous fumes, which Plaintiff inhaled and caused his breathing to be painful.

Plaintiff's cell was also small and housed two inmates. (Doc. 1, p. 8). He informed both Lashbrook and Frank Lawrence about the size of his cell as two people could not stand on the floor at the same time. The cell was fifty square feet and had only five steps from the cell door to the toilet. (*Id*. at pp. 9, 11). Plaintiff had heart surgery in 2017 and was directed to participate in walking exercises, but the cell was too small for Plaintiff to adequately exercise. (*Id*.). Although Frank Lawrence informed Plaintiff that the North 2 cellhouse would soon be single man cells, during the time that Plaintiff was housed in the cell, it was a double man cell. (*Id*. at p. 9). At the time he filed his Complaint, he had been in the cell for approximately nine months. (*Id*. at p. 11).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

**Count 1:** **Jacqueline Lashbrook and Frank Lawrence were deliberately indifferent under the Eighth Amendment to Plaintiff's conditions of confinement in his North 2 cell.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

The Court finds that Plaintiff states a claim for deliberate indifference to his conditions of confinement for the small cell size, lack of heat and hot water, and a leaky toilet. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Turley v. Rednour*, 729 F.3d 645, 652-53 (7th Cir. 2013). Thus, Count 1 will proceed against Jacqueline Lashbrook and Frank Lawrence.

### Disposition

For the reasons set forth above, Count 1 shall proceed against Jacqueline Lashbrook and Frank Lawrence.

The Clerk of Court shall prepare for Defendants Jacqueline Lashbrook and Frank Lawrence: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: 10/11/2019**

 

**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**