IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEROY JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   19-cv-850-RJD |
| ) | |
| JACQUELINE LASHBROOK and FRANK ) | |
| LAWRENCE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Leroy Jenkins, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center. More specifically, Plaintiff alleges he was kept in a cell that was too small to house two inmates, lacked heat and hot water, and had a leaky toilet from October 2018 to March 2019. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he is proceeding on an Eighth Amendment conditions of confinement claim against Jacqueline Lashbrook and Frank Lawrence concerning the conditions of his confinement in his North 2 cell.

Defendants filed a motion for summary judgment arguing Plaintiff failed to exhaust his administrative remedies prior to filing suit (Doc. 22) that is now before the Court. In their motion, Defendants assert Plaintiff submitted twelve grievances from October 2018 to August 2019 (when he was transferred out of Big Muddy). Defendants represent that four of the twelve grievances may be considered pertinent to this matter. The relevant grievances identified by Defendants are detailed as follows:

Page **1** of **7**

1. **Grievance dated November 2, 2018 (Doc. 23-3)**:  In this grievance, Plaintiff writes that the heat in his cellhouse was turned off on October 29, 2018 and complains it is extremely cold in his cell.  Plaintiff also complains that there is no hot water and his meal trays are being delivered cold.  The counselor responded to this grievance on November 8, 2018, explaining the cellhouse temperature is monitored daily and the hot water pipes are under maintenance.  The Grievance Officer responded to this grievance on July 23, 2019, and recommended that the grievance be found moot.  The Chief Administrative Officer ("CAO") concurred with the Grievance Officer's recommendation on July 30, 2019.  The Administrative Review Board ("ARB") received this grievance, as well as Plaintiff's November 5, 2018 grievance, on August 5, 2019 (*see* Doc. 23-8).  The ARB addressed the grievances on the merits on August 8, 2019, and the IDOC Director concurred on August 8, 2019 (*see id.*).

2. **Grievance dated November 5, 2018 (Doc. 23-4)**:  In this grievance, Plaintiff complains that there is no heat in his cellhouse and only cold air is being circulated.  The counselor responded to this grievance on November 9, 2018.  The Grievance Officer recommended that it be found moot on July 23, 2019.  The CAO concurred with the Grievance Officer's recommendation on July 30, 2019. The Administrative Review Board ("ARB") received this grievance, as well as Plaintiff's November 2, 2018 grievance, on August 5, 2019 (*see* Doc. 23-8).  The ARB addressed the grievances on the merits on August 8, 2019, and the IDOC Director concurred on August 8, 2019 (*see id.*).

3. **Grievance dated January 9, 2019 (Doc. 23-5)**:  In this grievance, Plaintiff complains there is no hot water in his cell and his toilet leaks water on the floor.  Plaintiff explains he complained to Officer Walls who put in a work order, but nothing has been done to address the problems.  The counselor responded to this grievance on January 22, 2019.  The Grievance Officer recommended that it be found moot on October 3, 2019, and the CAO concurred on October 8, 2019.  There is no other documentation in the record concerning this grievance.

4. **Grievance dated May 19, 2019 (Doc. 23-6)**:  In this grievance, Plaintiff complains that the power went off in his cell while watching television on May 19, 2019.  Plaintiff also complains that power to his cell was shut off on May 19, 2019, while he was watching television.  Plaintiff writes that his cell is smaller than required and he does not have hot water in his cell and the cold water continually runs. The counselor responded to this grievance on May 22, 2019.  Plaintiff provided a copy of a counseling summary dated June 3, 2019, in which Plaintiff was advised the Grievance Office received this grievance and was pending review (*see* Doc. 26 at 14).

Defendants argue Plaintiff's November 2018 grievances do not address all of the issues in this lawsuit, and do not name or describe them, and, as such, they do not exhaust the claims in this

lawsuit.  Defendants also argue Plaintiff failed to exhaust his January 9, 2019 grievance and May 18, 2019 grievance insofar as these grievances were not appealed to the ARB.  Defendants also argue these grievances are insufficient to exhaust the claims against them as they were not named or otherwise identified.

In response to Defendants' motion, Plaintiff explains he personally complained about the conditions in his cell at issue in this lawsuit to Defendants.  Plaintiff also asserts that Grievance Officer Kelly Pierce intentionally prolonged her investigation into his November 2018 grievances, responding more than eight months after receipt of the same.  Plaintiff asserts he sent letters while awaiting a response, inquiring as to the delay.

## Legal Standards

***Summary Judgment Standard***

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005).  The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248).  In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the

nonmoving party.  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).  "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."  *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).  "[A]ll dismissals under § 1997e(a) should be without prejudice."  *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved.  20 ILL. ADMIN. CODE § 504.810(a).  If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances."  *Id*. §504.830(e).  The CAO then advises the inmate of a decision on the grievance.  *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision.  *Id.* §  504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).  The ARB will submit a written report of its

findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

Based on the evidence in the record, the Court finds Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. First, with regard to Plaintiff's grievances dated November 2 and November 5, 2018, the Court agrees with Plaintiff that the Grievance Officer's response was unreasonably delayed and such delay is not in accord with the Illinois Administrative Code. *See* 20 ILCS 504.830(e) ("The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer within *two months* after receipt of the written grievance, when reasonably feasible under the circumstances) (emphasis added). However, after the Grievance Officer provided her dilatory response on July 23, 2019 and the CAO concurred, Plaintiff continued in the exhaustion process and appealed the response to the ARB for review. Thus, Plaintiff still engaged in the administrative review process and, as such, was obligated to wait for a response

from the ARB prior to filing this lawsuit. Plaintiff failed to wait and filed this lawsuit on the same day the ARB received his November 2018 grievances. Thus, these grievances were not exhausted prior to the filing of this lawsuit. The Court, however, notes that even if Plaintiff filed this lawsuit after these grievances were exhausted (or after waiting a sufficient amount of time for the Grievance Officer to respond), they do not exhaust the claims against Lashbrook and Lawrence in this lawsuit. Pursuant to the Illinois Administrative Code, grievances must contain factual details regarding each aspect of the inmate's complaint, including the name of each person who is the subject of or who is otherwise involved in the complaint. ILCS § 504.810(c). This condition is tempered in that an inmate who does not know the name of each person who is involved may simply describe the individual with as much detail as possible. *Id.* In his November 2018 grievances, Plaintiff made general complaints about his conditions of confinement, and specifically identified the N2 Major, but failed to identify or describe Lashbrook or Lawrence. Both Lashbrook and Lawrence are named in their individual capacity, not their official capacity, and the claims against them arise from Plaintiff's allegations that he spoke to both Lashbrook and Lawrence about the conditions in his cell, but they failed to take action. Thus, Plaintiff was obligated to name or sufficiently describe Defendants, which he failed to do. Based on a plain reading of these grievances, the institution would not be aware that Plaintiff was complaining about the inaction of Lashbrook or Lawrence, therefore, Plaintiff's November 2018 grievances do not exhaust the claims in this lawsuit.

Plaintiff's January 9, 2019 and May 19, 2019 grievances suffer from the same deficiencies. Again, in these grievances, Plaintiff makes general complaints about the conditions in his cell and cellhouse, and identifies Officer Walls in his January 2019 grievance, but makes no mention of Defendants Lawrence and Lashbrook or their actions at issue in this lawsuit. Accordingly, these

grievances do not exhaust the claims in this lawsuit.  The Court also notes that Plaintiff has not provided any evidence or indication that he submitted any additional grievances that named or described Lashbrook or Lawrence for consideration by the Court[1].

## Conclusion

Based on the foregoing, the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Lashbrook and Lawrence (Doc. 22) is **GRANTED**. This matter is **DISMISSED WITHOUT PREJUDICE**.   The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 17, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[1] Documents submitted with Plaintiff's complaint and his response include some references to grievances dated November 20, 2018 and January 28, 2019.  The Court does not have a copy of these grievances, nor has there been any competent evidence submitted as to the contents of these grievances.  Plaintiff's references to these grievances indicate they concerned complaints of dripping water from his sink and no hot water in his cell (*see* Doc. 1-1 at 10).  There is no evidence that these grievances identified or described the actions of Defendants Lashbrook or Lawrence at issue in this lawsuit.